**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                          **CAUSE NO. 1:20cr0091-LG-RPM-1**

**CHRISTOPHER DEMAN CLAUSELL**

**ORDER DENYING DEFENDANT'S MOTION FOR
<u>EARLY TERMINATION OF SUPERVISED RELEASE</u>**

Defendant Christopher Deman Clausell asks the Court for early termination of his term of supervised release. The United States Probation Office opposes Clausell's request. After reviewing the record in this matter, and the applicable law, the Court finds that Clausell's [153] Motion should be denied.

**BACKGROUND**

Clausell pled guilty to one count of Conspiracy to Possess with Intent to Distribute 500 Grams or More of Cocaine in violation of 21 U.S.C. § 846. On September 7, 2021, the Court sentenced him to sixty (60) months' imprisonment followed by five (5) years' supervised release. The Court also imposed a $100.00 special assessment and a fine of $5,000.00. J. [110]. Clausell began his term of supervised release on or about December 8, 2023, with an anticipated completion date of December 7, 2028. Since his release from imprisonment, Clausell has been supervised by the U.S. Probation Office in the Eastern District of Louisiana.

In his Motion, Clausell asserts that since his release he "[has] remained in full compliance with all terms of [his] supervision . . . and [has] paid [his] restitution in full." Additionally, Clausell asserts that he has "owned and operated [his] own

flooring business . . . maintained steady employment, stable housing, and a strong commitment to [his] family." Def.'s Mot. [153] at ¶¶ 3-4. In further support of his Motion, Clausell asserts:

> Early termination of my supervised release would allow me to better support my family financially. As a business owner, I would have greater opportunities to expand my work, including traveling out of state to accept additional contracts, which I am currently limited in doing. *Id.* at ¶5.

## DISCUSSION

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1), which provides:

> The court may, after considering the factors set forth in section 3553(a), . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

By reference to the provisions of § 3553(a), "[t]he statute directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

"[C]ompliance with all conditions is expected of an individual on supervised release, . . . and non-compliance is a ground for revocation." *United States v. Hale*, 127 F.4th 638, 641 (6th Cir. 2025) (quotation altered). In *Hale*, the Sixth Circuit clarified that Section 3583(e)(1) does not require a finding of exceptionally good behavior or a change in circumstances before a court can grant early termination.

-2-

*Id.* However, "[t]hat is not to say that a district court may not consider whether a defendant exhibited 'exceptionally good behavior' when exercising its broad discretion to resolve motions for early termination of supervised release." *Id.* As a result, it is permissible for courts to "generally find early termination proper only when exceptionally good conduct or other changed circumstances are present." *Id.*; *see also United States v. Godfrey*, No. 1:09-CR-158(1), 2025 WL 2470072, at *3 (E.D. Tex. Aug. 27, 2025) ("While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1).").

The Court finds that Clausell has not presented any facts or circumstances that support early termination of his supervised release. His motion only demonstrates that he has complied with the terms and conditions of supervised release, which is expected of all defendants on supervised release. Clausell's compliance with the conditions of his supervised release and steps toward improving his life are commendable. However, all of these accomplishments occurred while on supervised release. The terms and conditions of supervised release have not inhibited his progress and success. By Clausell's own admission, he has an extensive history of substance abuse beginning when he was approximately 13 years old. PSR [106] at ¶72. Allowing U.S. Probation to continue to monitor and guide Clausell is advantageous as it is able to offer resources,

guidance and accountability to Clausell to ensure he successfully  continues his rehabilitation journey.

As stated in the Defendant's Motion, he owns and operates a flooring business and volunteers each summer at a local youth basketball program.  Def.'s Mot. [153] at ¶4.  Supervision has not affected his ability to support his family or to give back to his community.   U.S. Probation has advised that because Clausell is in good standing, he is able to travel for work.   U.S. Probation regularly and routinely approves verifiable travel requests, so this factor does not weigh in favor of early termination of supervised release.

Turning to the § 3553(a) factors, the Court imposed a sentence that was within the guideline range as one or more counts carried a mandatory minimum term of imprisonment.  SOR [109] at ¶ II(A).  Clausell's proffered reasons do not demonstrate "any exceptional circumstances to justify the Court's exercise of its discretion to terminate his supervised release early or any circumstances that render his term or conditions of release either too harsh or inappropriately tailored to serve Section 3553(a)'s goals." *See United States v. Pittman,* No. 3:15-CR-221-O(1), 2020 WL 6564724, at \*2 (N.D. Tex. Nov. 9, 2020).  Therefore, the Court finds that the § 3553(a) factors do not support early termination.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Christopher Deman Clausell's Motion [153] for Early Termination of Supervision is **DENIED**.

-5-

**SO ORDERED AND ADJUDGED** this the 14th day of April, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE